IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 2:13-cr-144-RAH |
| ) | |
| EDMUND MCCALL ) | |

**ORDER**

Pending before the Court is the Pro Se Renewed Motion for Reduction of Sentence, (Doc. 107), filed on July 27, 2020, in which Defendant Edmund McCall seeks to modify his imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). Specifically, he asserts that there is a risk of infection with COVID-19 in the Federal Correctional Institution and his family needs him.

On July 1, 2014, Defendant McCall entered a plea of guilty to, and was convicted of, one count of aiding and abetting wire fraud, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2 (Count Two), and one count of aiding and abetting aggravated identity theft, in violation of 18 U.S.C. § 1028A and 18 U.S.C. § 2 (Count Seven). On October 28, 2014, he was sentenced to 132 months of imprisonment.[1]

**DISCUSSION**

---

[1] Specifically, the Defendant was sentenced to 108 months of imprisonment on Count Two and 24 months of imprisonment on Count Seven to be served consecutively. The Court also ordered that the 24-month sentence imposed under Count Seven in this case should run consecutively to the sentence imposed in Middle District of Alabama, Case Number 2:12-cr-204.

The Defendant asserts he is entitled to a sentence reduction because there is a risk of infection with COVID-19 in the Federal Correctional Institution in Oakdale, Louisiana, and his family has struggled in his absence.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may modify a criminal sentence when a defendant demonstrates that he has exhausted his available administrative remedies and "extraordinary and compelling reasons" warrant a sentence reduction. A reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's applicable policy statement is set forth at Application Note 1 to the Commentary of § 1B1.13 of the U.S. Sentencing Guidelines, which defines "extraordinary and compelling reasons" as including (i) a terminal illness; (ii) the defendant's serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (iii) the advanced age of the defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons."

Moreover, a defendant may only move for such a reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  In their response, the Government does not dispute the Defendant exhausted his administrative remedies.  (Doc. 115, at 6.)

The Government, however, asserts the Defendant has failed to identify "extraordinary and compelling reasons" for a sentence reduction.  Turning to the merits of the Defendant's Motion, it is clear his request for compassionate release is due to be denied.  The Defendant bears the burden of demonstrating that his circumstances are extraordinary and compelling.  *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).  The Defendant maintains there are extraordinary and compelling reasons for sentence reduction in his case because COVID-19 is in the correctional facility.  As of the date of this Order, FCI Oakdale I has five inmates and twenty-two staff members with confirmed active cases of COVID-19 within its facility.  *See* www.bop.gov/coronavirus (updated 12/30/2020).  The Defendant's family members have also sent letters stating that they need him home to take care of business matters and as a father. This Court therefore finds the Defendant's asserted reasons are not encompassed within the "extraordinary and compelling" circumstances set forth in the policy statement of U.S.S.G. § 1B1.13.  See, e.g., United States v. Mitchell, No. 2:14-CR-15-WKW, 2020 WL 5521369, at *2-3 (M.D. Ala. Sept. 14, 2020).

Furthermore, before granting a sentence reduction, the Court must consider the sentencing factors set forth at 18 U.S.C. § 3553(a).  These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need

3

to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3583(e)(1) and § 3553(a). The Court now turns to the sentencing factors to determine whether a reduction in sentence is warranted based on the Defendant's conduct and is in the interest of justice.

In this case, the Defendant entered a guilty plea to one count of aiding and abetting wire fraud, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2 (Count Two), and one count of aiding and abetting aggravated identify theft, in violation of 18 U.S.C. § 1028A and 18 U.S.C. § 2 (Count Seven). The statutory penalty for a violation of 18 U.S.C. § 1343 is not more than 20 years of imprisonment and a violation of 18 U.S.C. § 1028A is two years. The sentencing guideline range was 87 to 108 months as to Count Two, plus 24 months as to Count Seven. (Doc. 98.)

In this case, the Court accepted the plea agreement and sentenced the Defendant to 108 months of imprisonment on Count Two and 24 months of imprisonment on Count Seven to be served consecutively. The Defendant began serving his sentence on October 28, 2014. When considering the nature and circumstances of the offenses, as well as the other sentencing factors, the Court concludes that the Defendant has not shown extraordinary or compelling reasons or any other basis to reduce his sentence, and therefore the Court is without authority to grant the Defendant's relief.

## CONCLUSION

Accordingly, for the reasons as stated, it be and is hereby

ORDERED that the Pro Se Renewed Motion for Reduction of Sentence (Doc. 107) is DENIED.

DONE, this 30th day of December, 2020.

                                               /s/ R. Austin Huffaker, Jr.
                                    R. AUSTIN HUFFAKER, JR.
                                    UNITED STATES DISTRICT JUDGE